# IN THE COURT OF APPEALS OF IOWA

No. 20-0385
Filed April 14, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALICIDES MANNY HERNANDEZ,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jefferson County, Gregory Milani (plea) and Myron Gookin (sentence), Judges.

Alicides Manny Hernandez appeals following his guilty plea to possession of methamphetamine with intent to deliver and operating a motor vehicle with a barred license. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Alicides Manny Hernandez pled guilty to possession of methamphetamine with intent to deliver and operating a motor vehicle with a barred license. *See* Iowa Code §§ 124.401(1)(c)(6), 321.560, .561 (2019). The district court accepted the plea and sentenced him to prison terms not exceeding ten years on the possession count and two years on the driving count, to be served concurrently.

On appeal, Hernandez contends the district court abused its discretion in imposing sentence. *See State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018) ("When a sentence imposed by a district court falls within statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." (citation omitted)). He notes that the prosecutor cross-examined a witness about facts unrelated to the facts underlying his plea, and the court did not disavow those facts.

A defendant must affirmatively show that the sentencing court relied on improper evidence to overcome th[e] presumption of validity." *Id.* Hernandez essentially concedes he was unable to do so. Although the State introduced extraneous information into the sentencing record, there is no indication that the district court considered that information. In imposing sentence, the court cited Hernandez's criminal record, his use of drugs and alcohol in violation of the conditions of pretrial supervision, his age of forty-nine, his part-time employment and unstable housing situation, the absence of family ties to the area, and the recommendation of the department of corrections. These were appropriate considerations. *See State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020).

**AFFIRMED.**